UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LAZARO RIVAS-REYES,<br><br>            Defendant-Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | CASE NO. 11-CV-3005 W<br>              10-CR-4670 W<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [DOC. 17] |

    Pending before the Court is Petitioner Jose Lazaro Rivas-Reyes's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition"). Petitioner is proceeding pro se. Respondent United States of America ("Respondent") opposes.

    The Court decides the matter on the papers submitted and without oral argument. <u>See</u> Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the Petition [Doc. 17].

//

//

I.  **BACKGROUND**

On October 29, 2010, Petitioner attempted to enter the United States at the San Ysidro, California, Port of Entry, by presenting a Lawful Permanent Resident card belonging to someone else. Petitioner was arrested, and on November 1, 2010, he was charged with Attempted Entry After Deportation in Violation of 8 U.S.C. 1326. On November 23, 2010, Petitioner was charged in a single count information for the same offense.

On or about December 4, 2010, Petitioner executed a written fast-track Plea Agreement [Doc. 14] and on December 6, 2010, entered a guilty plea. In the Plea Agreement, Petitioner waived all rights to appeal or collaterally attack his guilty plea. This Court then sentenced Petitioner to 42 months in custody, followed by three years of supervised release.

Petitioner now challenges his sentence on the ground that his counsel did not file a notice of appeal of his conviction. For the following reasons, the Court will deny Petitioner's challenge.

II.  **DISCUSSION**

Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce an appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000). Because Petitioner's Plea Agreement includes an appellate and collateral attack waiver, the Court must determine whether to enforce the waiver.

First, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily. See id. A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its

terms knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the Plea Agreement with his attorney's advice and consent and Petitioner represented that he fully understood the agreement. (*Plea Agreement*, p. 1.) Petitioner also represented that his plea was knowing and voluntary, and Petitioner represented that he was satisfied with his attorney's performance. (*Id.*, ¶14.) Additionally, the transcript from Petitioner's plea hearing confirms that he understood the agreement, and entered it knowingly and voluntarily. (*See Opp.* [Doc. 21], Ex. 4 [Doc. 21-4] at pp. 4–5.) Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract principles, including the parol-evidence rule. See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parol-evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument." Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am., 912 F.2d 366, 370 (9th Cir. 1990). Here, the Plea Agreement explicitly provides that in exchange for the Government's concessions in the agreement,

> defendant waives, to the full extent of the law, any right to appeal or collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

(*Plea Agreement*, ¶ 11.) Thus, the appeal waiver is valid as long as Petitioner's sentence was not above Respondent's recommended high end of the guideline range or the statutory mandatory minimum term. Because Petitioner's sentence of 42 months is consistent with the terms of the Plea Agreement, Petitioner's collateral attack on his

sentence is barred. The Court is, therefore, prevented from granting the habeas relief requested in the Petition.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** the Petition [Doc. 17]. And because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATED: March 4, 2014

_____
Hon. Thomas J. Whelan
United States District Judge